# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **HALI ANASTOPOULO**, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:26-cv-02334 |
| v. | ) ) | |
| **FEDEX CORPORATION**, | ) ) | |
| Defendant. | ) | |

## JOINT MOTION TO EXTEND TIME THROUGH JUNE 1 FOR DEFENDANT TO RESPOND TO COMPLAINT

Plaintiff, Hali Anastopoulo, and Defendant FedEx Corporation ("FedEx"), by and through counsel, jointly move the Court, pursuant to Fed. R. Civ. P. 6(b)(1)(B), for an order extending FedEx's deadline to respond to Plaintiff's Complaint until June 1, 2026.  In support of their motion, the parties state as follows:

## INTRODUCTION

This motion arises from unique procedural circumstances involving this action and 11 related putative class actions that were filed across multiple federal districts and are now pending in the Western District of Tennessee.[1]  The parties acted

---

[1] (1) *Avalos v. FedEx Corp, Western District of Tennessee*, Case No. 2:26-cv-02289-SHL-atc; (2) *Falode v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02291-SHL-atc; (3) *Anastopoulo v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02334-SHL-cgc; (4) *Crespo Rosado v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02387-BCL-atc; (5) *Cycle Limited et al. v. Federal Express Corp. et al.*, Western District of Tennessee, Case No. 2:26-cv-02345-BCL-atc; (6) *Anastopolou v. Federal Express Corp.*, Western District of Tennessee, Case No. 2:26-cv-02388-TLP-tmp; (7) *Tran v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02290-SHL-atc; (8) *Weinberg v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02395-SHL-tmp; (9) *Reiser*

cooperatively and in good faith to facilitate transfer, avoid duplicative motion practice, and conserve judicial resources.  While the parties worked to transfer this and other related actions to this Court, the plaintiff in the recently transferred *Reiser* action filed a motion for consolidation before the U.S. Judicial Panel on Multi-District Litigation, which both Plaintiff and FedEx opposed.[2]  Since transferring these related actions to this district, the parties continue to engage in good faith discussions regarding potential consolidation of these matters.[3]  To allow the parties to focus their attention on consolidation efforts, Plaintiff's counsel agreed to extend the deadline for FedEx to respond to the Complaint.  Based on the parties' agreement, they reasonably believed an extension would be permitted.  However, the parties failed to advise this Court of their agreement prior to the expiration of the original answer deadline.

The parties respectfully submit that this constitutes excusable neglect under Rule 6(b)(1)(B) and that an extension of FedEx's answer deadline is warranted.

### BACKGROUND

Plaintiff filed this action on February 20, 2026, in the District of South Carolina. FedEx promptly conferred with Plaintiff's counsel on March 6 at which time the parties agreed to thirty-day extension to Defendant's response deadline of March

---

*v. Federal Express Corp. et al.,* Western District of Tennessee, Case No. 2:26-cv-02410-SHL-atc; (10) *Deburro v. Federal Express Corp. et al.,* Western District of Tennessee, Case No. 2:26-cv-02240-SHL-tmp; (11) *G-Force Powersports, Inc. v. Federal Express Corp. et al.*, Western District of Tennessee, Case No. 2:26-cv-02383-SHL-cgc.

[2] Based on the agreed transfer of all actions subject to the motion to this district, the Panel found the *Reiser* motion moot.

[3] Plaintiffs in eight of the pending actions are represented by the same counsel, Paul Doolittle and/or Gerard Stranch, with whom FedEx's counsel continues to consult and coordinate regarding these actions.

20.    On March 27, 2026, this matter was transferred to this Court on the parties' consent motion to transfer venue.  FedEx mistakenly did not advise the Court of the parties' agreement or file a motion for an extension of the original response deadline. Subsequently, 11 related matters were filed in this Court, or were subsequently transferred to this Court upon other district courts granting FedEx's Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a).[4]  All of the related matters are putative class actions arising from a common nexus of fact—FedEx's alleged collection of tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"), which the U.S. Supreme Court declared unlawful, and ancillary fees FedEx charged its customers for its customs brokerage services.

Given the overlapping allegations and legal issues, the parties agreed to explore consolidation and coordinated case management, including the potential filing of a consolidated complaint, requiring a single responsive pleading or motion. The purpose of the requested extension was to allow time to complete the transfer process and to confer regarding consolidation and an efficient path forward.

## LAW AND ARGUMENT

---

[4]  (1) *Avalos v. FedEx Corp, Western District of Tennessee*, Case No. 2:26-cv-02289-SHL-atc; (2) *Falode v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02291-SHL-atc; (3) *Anastopoulo v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02334-SHL-cgc; (4) *Crespo Rosado v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02387-BCL-atc; (5)*Cycle Limited et al. v. Federal Express Corp. et al.*, Western District of Tennessee, Case No. 2:26-cv-02345-BCL-atc; (6) *Anastopolou v. Federal Express Corp.*, Western District of Tennessee, Case No. 2:26-cv-02388-TLP-tmp; (7) *Tran v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02290-SHL-atc; (8) *Weinberg v. FedEx Corp.*, Western District of Tennessee, Case No. 2:26-cv-02395-SHL-tmp; (9) *Reiser v. Federal Express Corp. et al.,* Western District of Tennessee, Case No. 2:26-cv-02410-SHL-atc; (10) *Deburro v. Federal Express Corp. et al.,* Western District of Tennessee, Case No. 2:26-cv-02240-SHL-tmp; (11) *G-Force Powersports, Inc. v. Federal Express Corp. et al*., Western District of Tennessee, Case No. 2:26-cv-02383-SHL-cgc.

"Whether excusable neglect exists, and whether a deadline should be extended, are decisions left to the discretion of the district court." *Demarest v. Kovacevich*, No. 3:23-cv-00932, 2025 U.S. Dist. LEXIS 187626 at *2 (M.D. Tenn. Sept. 23, 2025). Under Rule 6(b)(1)(B), "[t]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors:  (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id*. at *2-3 (citation omitted).  However, district courts recognize that "[t]he inquiry 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Id*. at *3.  Here, the excusable neglect factors support the requested relief.

First, there is no prejudice to the nonmoving party.  The parties file this motion jointly and agree that the requested extension is appropriate.  Plaintiff agreed to the extension prior to the expiration of the original response deadline.  No party has taken any action in reliance on the expired deadline, and no substantive proceedings have been delayed in a manner that would prejudice either party.

Second, the length of the delay is minimal and has no material impact on these proceedings.  During the less than 30 days between the original answer deadline (March 20) and the filing of this motion, FedEx did not sit idly by as the deadline lapsed.  Rather, the parties worked collaboratively to transfer all related actions to this venue, to oppose centralization before the JPML, and to agree on a path forward,

4

including an extension of FedEx's answer deadline.  FedEx seeks the extension to allow the parties to complete consolidation discussions and propose a coordinated schedule.  Granting this motion will streamline the litigation rather than delay it.

Third, the reason for the delay reflects reasonable and diligent case management under unusual circumstances.  The lapse was not the result of oversight or disregard for the rules.  Rather, it stemmed from the parties' good-faith effort to coordinate 12 related class actions filed across multiple jurisdictions, achieve their transfer to a single forum, and avoid unnecessary and duplicative responsive pleadings.

Finally, FedEx has acted in good faith at all times.  As noted, FedEx is working collaboratively with Plaintiff to consolidate the litigation.  Having agreed to an extension to facilitate further discussions, the parties reasonably believed same would be granted.  There is no evidence of bad faith or dilatory motives.

## <u>CONCLUSION</u>

The parties respectfully request that the Court extend FedEx's deadline to respond to the Complaint until June 1, 2026, or such other date as the Court deems appropriate.

Respectfully submitted,

*/s/ Brandon D. Pettes*
Brandon D. Pettes (TN BPR# 031264)
FEDERAL EXPRESS CORPORATION
3620 Hack Cross Rd., Bldg. B
Memphis, TN 38125
Telephone:   (901) 434-8537
brandon.pettes@fedex.com

5

*Attorney for FedEx Corp.*

<u>/s/ J. Gerard Stranch, IV</u>
J. Gerard Stranch, IV
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Telephone:  (615) 254-8801
gstranch@stranchlaw.com

*Attorney for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2026, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record.

 */s/ Brandon D. Pettes*
Brandon D. Pettes