**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| HALI ANASTOPOULO, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:26-cv-02334-SHL-cgc |
| FEDEX CORPORATION, | ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION TO EXTEND TIME THROUGH JUNE 1
FOR DEFENDANT TO RESPOND TO COMPLAINT**

Before the Court is the Parties' Joint Motion to Extend Time through June 1 for Defendant to Respond to Complaint, filed April 20, 2026. (ECF No. 16.) Plaintiff Hali Anastopoulo originally filed this putative class action in the U.S. District Court for the District of South Carolina. (ECF No. 1.) On March 27, that court granted FedEx's motion to transfer venue to this Court. (ECF No. 8.) Eleven related matters are now in this District, all arising from FedEx's alleged collection of tariffs. (ECF No. 16 at PageID 6–7.)

The Parties allege that they have cooperated in good faith to facilitate the transfer of these cases and "avoid duplicative motion practice." (Id. at PageID 6.) To that end, Anastopoulo agreed to extend the deadline for FedEx's response or answer to the Complaint. (Id.) However, the Parties failed to notify the Court. Now, over twenty-one days have elapsed since FedEx was served, and its time to file an answer has expired. See Fed. R. Civ. P. 12(a). In light of the foregoing, the Parties seek an extension to June 1, 2026, for FedEx to answer, pursuant to Rule 6(b)(1)(B) (permitting a court to extend the time to act for "good cause" and a showing of "excusable neglect").

They argue that their failure to request an extension earlier constitutes excusable neglect because (1) there is no prejudice, as they both joined the Motion; (2) FedEx has collaborated with Anastopoulo and other plaintiffs to streamline these tariff-related actions instead of sitting "idly by"; (3) the delay was caused by "unusual circumstances"; and (4) the extension is sought in good faith, not for any dilatory motive.  (ECF No. 16 at PageID 8–9.)

The Parties have established good cause for an extension of time, especially because Anastopoulo does not oppose an extension.  Further, their delay in seeking an extension was due to excusable neglect under unusual factual circumstances.  Namely, FedEx has had to coordinate at least eleven different lawsuits of similar origin, some of which were transferred to this Court after being initiated elsewhere.  For these reasons, the Motion is **GRANTED**.  However, the Parties are cautioned that no further extensions will be granted.

**IT IS SO ORDERED,** this 22nd day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2