# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

**HALI ANASTOPOULO, individually and on behalf of all others similarly situated,**

*Plaintiff,*

**v.**

**FedEx Corporation,**

*Defendant.*

Case No.: 2:26-cv-02334-SHL-atc

**JURY TRIAL DEMANDED**

## JOINT MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42, Plaintiff Hali Anastopoulo ("Plaintiff") respectfully submits this Unopposed Motion to Consolidate this case with several other cases pending against Defendants, FedEx Corporation, Federal Express Corporation, and FedEx Logistics, Inc. (collectively, "FedEx")[1]:

1) *Anastopoulo v. FedEx Corp.*, 2:26-cv-02181

2) *Avalos v. FedEx Corp.*, 2:26-cv-02289

3) *Falode v. FedEx Corp.*, 2:26-cv-02291

4) *Anastopoulo v. FedEx Corp.*, 2:26-cv-02334

5) *Crespo Rosado v. FedEx Corp.*, 2:26-cv-02387

6) *Cycle Limited et al. v. Federal Express Corp.*, et al. 2:26-cv-02345

---

[1] Plaintiff has named FedEx Corporation as Defendant.  FedEx Corporation is not the proper legal entity as it is the holding company of Federal Express Corporation and FedEx Logistics, Inc.

1

7) *Anastopolou v. Federal Express Corp.*, 2:26-cv-02388

8) *Tran v. FedEx Corp.*, 2:26-cv-02290

9) *Weinberg v. FedEx Corp.*, 2:26-cv-02395

10) *Reiser v. Federal Express Corp. et al.*, 2:26-cv-02410

11) *Deburro v. Federal Express Corp. et al.*, 2:26-cv-02240

12) *G-Force Powersports, Inc. v. Federal Express Corp. et al.*, 26-cv-02383

13) *Ross v. FedEx Corporation, 2:26-cv-02483*

## BACKGROUND

This case is one of thirteen matters currently pending in this district filed under the Class Action Fairness Act by individuals seeking restitution and damages for amounts paid to FedEx regarding shipments subject to unlawful import tariffs imposed under the International Emergency Economic Powers Act ("IEEPA").

Recognizing the substantial overlap in these matters, counsel for all Plaintiffs and counsel for FedEx have conferred and agree that consolidation is the most efficient method to advance this litigation while providing justice to all parties and conserving judicial resources. The parties jointly propose the following procedure to streamline the consolidated docket:

1) The parties respectfully request that all the cases captioned above be formally consolidated for all purposes under Rule 42 under the lowest-numbered case, *Anastopoulo v. FedEx Corp.*, 2:26-cv-02181 and renamed *In re FedEx Tariff Litigation* as the lead case, and that all future filings be made in this lead case under the title *In re FedEx Tariff Litigation*.

2

2) Within fourteen days of the creation of a new consolidated docket following the grant of this Motion, an agreement on leadership amongst the Plaintiffs' bar (or contested leadership applications) shall be filed with the Court on the consolidated docket. If contested leadership applications are filed, the plaintiffs' counsel that have filed contested leadership applications shall have fourteen days to respond to competing applications for leadership.

3) After Interim Co-Lead Counsel is appointed, a Consolidated Complaint shall be filed 45 days after leadership is appointed or agreed on. The Consolidated Complaint shall elect which theories shall proceed and will enforce the rights of each named Plaintiff.

4) FedEx shall then have twenty-one days to respond (by motion or answer) to that substantive Consolidated Complaint. FedEx shall not have to respond to any complaint in the substantive action until the Consolidated Complaint is filed.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 42(a) authorizes consolidation "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The district court possesses broad inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The primary objective of Rule 42 is to "administer the court's business with expedition and economy while providing justice to the parties." *Vanede, LLC v. Oxley*, No. 17-cv-2865-SHM-cgc, 2018

3

U.S. Dist. LEXIS 232256, *7 (W.D. Tenn. Aug. 1, 2018) (quoting *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992)).

In the Sixth Circuit, courts weigh several factors when evaluating consolidation, primarily looking at whether the risks of prejudice and confusion are outweighed by "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, [and] the length of time required to conclude multiple suits as against a single one…" *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos—Manhattan, Inc.*, 776 F.2d 1492, 1495 (6th Cir.1985)).

Consolidation is appropriate here. The plaintiffs (and overlapping classes) in all thirteen cases seek damages from FedEx for IEEPA tariffs and related fees under similar theories of liability. Their claims are based on the same alleged wrongdoing—that is, FedEx assessed and remitted payment of IEEPA tariffs to Customs and Border Protection and later billed Plaintiffs for these amounts, and the U.S. Supreme Court subsequently found the IEEPA tariffs to be unlawful. Accordingly, these cases necessarily involve common witnesses, evidence, and similar legal theories.

Proceeding with thirteen separate dockets would require duplicative discovery, overlapping motion practice, and potentially thirteen different trials. This is likely to create an unnecessary drain on judicial resources, as well as a burden on the parties and witnesses. Under that scenario, FedEx witnesses may be required to appear for multiple hearings and trials, while plaintiffs face delayed adjudications of their cases

during the pendency of others. For these reasons, these cases are particularly well-suited for consolidation. Additionally, because this motion is supported by all parties, and all parties stand to benefit from consolidation, there is no risk of prejudice.

The variations among the complaints—e.g., variations in legal claims, named Defendants, and facts particular to each Plaintiff—do not defeat consolidation. *See Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical").

## CONCLUSION

One unified docket in these matters will benefit everyone. This Motion should be granted.

Dated: May 27, 2026.                    Respectfully Submitted,

/s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN BPR #23045)
Grayson Wells (TN BPR # 039658)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Paul J. Doolittle*
**POULIN WILLEY ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Paul.doolittle@poulinwilley.com

*Attorneys for Plaintiff & Proposed Class*

5

_/s/ Brandon D. Pettes w/permission_
Brandon D. Pettes (TN BPR # 031264)
**FEDERAL EXPRESS CORPORATION**
3620 Hack Cross Rd., Bldg. B
Memphis, TN 38125
Telephone: (901) 434-8537
Brandon.pettes@fedex.com

Harmon L Cooper
**CROWELL AND MORING, LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2617
mcooper@crowell.com

_Attorneys for FedEx Corp._

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 27, 2026, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (TN BPR #23045)
